# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINA M. CORDOBA BRINKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-0155-F |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pursuant to 42 U.S.C. § 405(g), plaintiff seeks judicial review of the final decision of the defendant Commissioner denying plaintiff's application for a closed period of supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § § 416(i), 1382. In his Report and Recommendation of December 16, 2005 (doc. no. 19), Magistrate Judge Gary M. Purcell recommends that the Commissioner's decision denying benefits be affirmed.

Plaintiff has filed a timely objection to the Report and Recommendation (Report), raising three points of error with respect to the decision of the administrative law judge (ALJ) and the magistrate judge's recommendation that the decision of the ALJ be affirmed. (Objections at doc. no. 22; Report at doc. no. 19.) First, plaintiff contends that the magistrate judge incorrectly concluded that the ALJ did not commit reversible legal error by failing to conduct the analysis required by 20 C.F.R. § 416.920a, despite finding that plaintiff suffered from severe mental impairments. Second, plaintiff contends that the magistrate judge erred in concluding that the ALJ properly evaluated Dr. Cail's medical opinions relating to plaintiff's fibromyalgia and

its effect on plaintiff's physical condition and ability to work. Third, plaintiff contends that the magistrate judge's conclusion that substantial evidence supported the ALJ's failure to include any limitations in plaintiff's residual functioning capacity relating to plaintiff's admittedly severe mental impairments, is legally incorrect. The court has reviewed all objected to matters *de novo* as required by 28 U.S.C. § 636, and has reviewed all other matters as well.

Having reviewed all issues, the court finds that no purpose would be served by restating here any of the magistrate judge's findings or analyses, and the court concludes that none of the matters presented in plaintiff's objections support any findings or determinations different from those already found or recommended by the magistrate judge. In addition to the authorities relied upon by the magistrate judge in his Report, the court notes that the harmless error doctrine also supports the result recommended by the magistrate judge in this action. *See*, Fischer-Ross v. Barnhart, 431 F.3d 729, 733-34 (10th Cir. 2005), quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (although applied cautiously in the administrative review setting, harmless error analysis "nevertheless may be appropriate to supply a missing dispositive finding...where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

Conclusion

Having carefully considered the parties' submissions to this court and to the magistrate judge, the decision of the administrative law judge, the entire record and transcript of proceedings relating to this case, and all relevant authorities, plaintiff's objections to the Report are **DENIED**, and the Report and Recommendation of

Magistrate Judge Gary M. Purcell is **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety. The Commissioner's decision denying benefits is **AFFIRMED**.

Dated this 15th day of February, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0155p003(pub).wpd